IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALFONSO HALL,
    Plaintiff,

vs.                                    Case No.: 4:05cv214/MMP/EMT

JAMES V. CROSBY, et al.,
    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff initiated this action by filing a civil rights complaint (Doc. 1), in which he apparently seeks to assert a cause of action under 42 U.S.C. § 1983. The complaint, presently under review by the undersigned, names seven Defendants: James V. Crosby, Secretary of the Florida Department of Corrections, and six employees of the Apalachee Correctional Institution ("ACI") (Doc. 1 at 1-2). Plaintiff asserts he was improperly placed in the ACI "shotgun squad," where prisoners work under armed supervision (*id*. at 4). He alleges that such placement is improper because he suffers from epilepsy and could be shot during an epileptic seizure if officers are unaware of his medical condition and mistake his behavior as an escape attempt or threat (*id*). Plaintiff also alleges that placement in the shotgun squad necessarily delays medical treatment in the event of a seizure and increases the chances of injury. Plaintiff states that on January 4, 2005, while assigned to the shotgun squad, he suffered a seizure and did not receive medical attention until an hour had passed (*id*. at 7). Plaintiff also claims to have received inadequate medical care during a sick call on January 18, 2005, which resulted in permanent nerve damage and persistent headaches (*id.*). Plaintiff further alleges a systemic problem at ACI relating to the classification and protection of inmates that suffer from chronic medical conditions. Finally, Plaintiff alleges he is now assigned to the "inside grounds squad," but the reassignment fails to adequately protect his health and safety

(*id.* at 8).

Now before the court is Plaintiff's Motion for Preliminary Injunction (Doc. 3). This motion, like Plaintiff's complaint, asserts that Defendants have denied Plaintiff and other inmates with chronic medical conditions safe job opportunities (Doc. 3 at 1). Plaintiff claims that his job placement is "detrimental to his chronic medical condition" and causes "serious physical and mental injuries" (*id*. at 2). Plaintiff seeks an order compelling Defendants to "perform their pre-existing duties under the U.S. Constitution" and discontinue unreasonably risking Plaintiff's health (*id.* at 2).
Additionally, Plaintiff seeks medical treatment by a specialist, education for inmates and medical staff, and removal of Plaintiff from his work assignment (*id.* at 2 - 3).

The grant or denial of preliminary injunctive relief rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that plaintiff will prevail on the merits;
2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;
3. The threatened injury to plaintiff outweighs the threatened harm the injunction will do to the defendant; and
4. The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citing Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (citing cases)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to all four elements." CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted). Injunctions should be granted for definite, future injuries, not conjectural ones. Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.

Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989) (citations omitted).  This requires that the relief sought in the motion be closely related to the conduct complained of in the underlying complaint.  Devose, 42 F.3d at 471; Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons from whom injunctive relief is sought must be parties to the underlying action.  See In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842-43 (11th Cir. 1995) (court lacks subject matter jurisdiction to issue preliminary or permanent injunction against non-party);  see also Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (5th Cir. 1996) (district court not authorized to grant injunctive relief against non-parties).

In the instant case, Plaintiff has failed to establish the prerequisites for injunctive relief.  Initially, upon preliminary review of Plaintiff's complaint, the undersigned has determined that it fails to state a claim upon which relief can be granted and Plaintiff will be directed to file an amended complaint.  Additionally, Plaintiff has failed to establish that he will suffer irreparable injury if the injunction is not granted.  Plaintiff has acknowledged that he is no longer assigned to the shotgun squad.  Although he asserts that placement on the "inside grounds squad" is also dangerous, he has not established that his placement there will result in definite future injuries.  Therefore, the motion for a preliminary injunction should be denied.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction (Doc. 3) be **DENIED**.

At Pensacola, Florida this 18th day of November 2005.

*/s/Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No. 4:05cv214/MMP/ET