IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALFONSO A. HALL,
    Plaintiff,
vs.                                                    Case No.: 4:05cv214/MMP/EMT

JAMES V. CROSBY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon referral from the clerk.  Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1).  Subsequently, Plaintiff filed an amended civil rights complaint (Doc. 15).  On May 17, 2006, this court entered an order (Doc. 18) giving Plaintiff thirty (30) days in which to file a second amended complaint.  Plaintiff failed to respond to the order, therefore, on June 30, 2006, the court issued an order requiring Plaintiff to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 25).[1]  The time for compliance with the show cause order has now elapsed with no response from Plaintiff.

        Accordingly, it is respectfully **RECOMMENDED**:

        That this case be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to comply with an order of the court.

        At Pensacola, Florida, this 4th day of August 2006.

                                                    /s/ *Elizabeth M. Timothy*
                                                    **ELIZABETH M. TIMOTHY**
                                                    **UNITED STATES MAGISTRATE JUDGE**

---

[1] The copy of the order mailed to Plaintiff was returned as undeliverable, with a notation that Plaintiff had been released from custody (*see* Doc. 26).  On July 13, 2006, a second copy of the order was mailed to Plaintiff at his release address, which was obtained from the Florida Department of Corrections website (*see* Docket Annotation 27).

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**